UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v.                                                                        )<br>)<br>KRISTEN ZUSCHLAG AND                       )<br>ROBERT ZUSCHLAG,                                )<br>)<br>Defendants      ) | CRIMINAL No. 2:16-cr-158-DBH |

ORDER ON PENDING MOTIONS

*Robert Zuschlag's Motion for Relief from Prejudicial Misjoinder*
(ECF No. 60)

The defendant Robert Zuschlag's motion for relief from prejudicial misjoinder (ECF No. 60) is **Granted**. United States v. Jordan, 112 F.3d 14, 16–18 (1st Cir. 1997), a case with which I am very familiar having been the trial judge, is directly on point. Its Fifth Amendment concerns when a defendant wishes to raise a Cheek[1] defense to tax charges apply here. Later cases that the government cites in support of its position did not involve Cheek defenses. See, e.g., United States v. Richardson, 515 F.3d 74 (1st Cir. 2008).

The defendant Kristen Zuschlag moved to join Robert Zuschlag's motions (ECF No. 67), and the government did not oppose her motion to join as it pertains to this motion (ECF No. 81). Different counts pertain to Kristen Zuschlag,

---
[1] Cheek v. United States, 498 U.S. 192 (1991).

however, and Robert Zuschlag's motion does not make the prejudice showing for her that I have found persuasive for him. Nevertheless, I suspect that the government will want the same treatment for both Zuschlags. Counsel shall notify the court by August 9, 2017, whether they agree on what counts should be severed for the two trials, failing which the defendant Kristen Zuschlag shall file her own motion for relief from prejudicial joinder by August 18, 2017.

### *Robert Zuschlag's Motion for Bill of Particulars* (ECF No. 61)

The defendant Robert Zuschlag's motion for bill of particulars, joined in by the defendant Kristen Zuschlag (ECF No. 67) with the government's consent (ECF No. 81), is **DENIED**. As the First Circuit stated in United States v. Sepulveda, 15 F.3d 1161, 1192–93 (1st Cir. 1993):

> Motions for bills of particulars are seldom employed in modern federal practice. When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.

None of those factors applies here. The Second Superseding Indictment (ECF No. 37) is very detailed, and the government has provided all the documents in its possession except for Jencks Act materials concerning witnesses and its own work product. Govt.'s Resp. to Def.'s Mot. 2 (ECF No. 76). The defendant "is not entitled by way of a bill of particulars to obtain details revealing the precise manner in which the government alleges that he committed the crimes charged or the manner in which it will attempt to prove the charges." United States v.

Faucette, No. 2:13-cr-79-DBH, 2013 WL 3458182, at *1 (D. Me. July 9, 2013).[2] Given the detailed indictment and the open file discovery, there is no basis for concern about Double Jeopardy, unfair surprise at trial, or being unable to prepare a defense.

***Kristen Zuschlag's Motion for Discovery [Brady and Giglio Materials]***
(ECF No. 62)

As in United States v. Barnard, No. 1:14-cr-88-JAW, 2016 WL 1298100, at *2–3 (D. Me. Apr. 1, 2016), given the government's recognition of its Brady[3] and Giglio[4] obligations, "The Court DISMISSES without prejudice [the defendant's] Motion for Discovery [Brady and Giglio Materials]."

***Kristen Zuschlag's Motion for Order [to Preserve and Produce Rough Notes]***
(ECF No. 63)

As in United States v. Barnard, No. 1:14-cr-88-JAW, 2016 WL 1357749, at *2 (D. Me. Apr. 5, 2016), "The Court GRANTS the motion insofar as it requests that the Government preserve any rough notes and similar documents in the possession of the Government or its agents; the Court DISMISSES the motion insofar as it requests that the Government produce any such notes or similar documents."

---

[2] That is indeed what the defendant seeks, namely:
  A. The identities of all Mainecare members who were given rides by C3 Transport, that lacked the medical necessity for wheelchair van or door-through-door service;
  B. Which claims for payment made by C3 were fraudulent;
  C. What material representations were made by Mr. Zuschlag or Mrs. Zuschlag in connection with the fraudulent claims for payment;
  D. The identities of all Mainecare members, and the dates of their rides, who were given rides by C3 Transport, referred by FTI, who Mr. Zuschlag failed to determine whether the ride was the least expensive available.

Def.'s Mot. for Bill of Particulars 4 (ECF No. 61).
[3] Brady v. Maryland, 373 U.S. 83 (1963).
[4] Giglio v. United States, 405 U.S. 150 (1972).

3

***Kristen Zuschlag's Motion in Limine (for Pretrial Evidentiary Rulings)*** (ECF No. 64)

The defendant Kristen Zuschlag's motion in in limine (for pretrial evidentiary rulings) is **DENIED WITHOUT PREJUDICE**. It is premature, vague, and not tied to particular evidence.

***Kristen Zuschlag's Motion [for Order to Produce Personnel Files of All Law Enforcement Personnel]*** (ECF No. 65)

The defendant Kristen Zuschlag has moved for a court order directing the government to produce personnel files of all law enforcement personnel whom it intends to call at trial as witnesses, citing United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991), Giglio v. United States, 405 U.S. 150 (1972), and the Attorney General's Giglio Policy, U.S. Dep't of Justice, U.S. Att'ys' Manual §§ 9-5.001, 9-5.100. The request having been made, the government states that it "will comply with its responsibilities to review the personnel files of agents who may serve as witnesses and the government will disclose any impeachment information regarding criminal investigations." Govt.'s Resp. to Def.'s Mot. 2 (ECF No. 79). "Nothing further is required," see United States v. Pulk, No. 06-59-P-S, 2007 WL 268730, at *1 (D. Me. Jan. 24, 2007), and therefore no action is necessary.

***Kristen Zuschlag's Motion for Leave to File [Supplemental Pre-Trial Motions]*** (ECF No. 66)

This motion by Kristen Zuschlag is **DENIED**. It lacks specificity and any showing of need.

***Kristen Zuschlag's Motion for Leave to File [Joinder in Appropriate Motions filed by Co-Defendant]*** (ECF No. 67)

This motion by the defendant Kristen Zuschlag to join in her co-defendant's motions is **GRANTED** as to Robert Zuschlag's motion for a bill of particulars (ECF No. 61), **DEFERRED** as to his motion on prejudicial misjoinder (ECF No. 60), see supra 1–2, and otherwise **DENIED**. (There are no other motions in which to join.)

***Kristen Zuschlag's Motion for Relief from Prejudicial Joinder (Bruton) or, Alternatively, Exclusion of Evidence During Trial*** (ECF No. 69)

The defendant Kristen Zuschlag asks that she not be tried with her husband Robert Zuschlag because of potential Bruton[5] issues. Alternatively, she seeks a pretrial ruling excluding certain evidence. The motion is **DENIED**. Robert Zuschlag may well testify at the tax trial now that I have granted the motion to sever. Moreover, it is not at all clear that the alleged statements he made in communications with the tax accountant "expressly implicate" Kristen Zuschlag and are "powerfully incriminating," United States v. Smith, 46 F.3d 1223, 1228 (1st Cir. 1995), so as to raise Bruton concerns that cannot be cured by a limiting instruction. Finally, the statements may well be admissible as co-conspirator statements, a determination that I cannot make until trial.

## CONCLUSION

I remind counsel of the language of the Procedural Order in this criminal case (ECF No. 10) (emphasis added), namely:

---

[5] Bruton v. United States, 391 U.S. 123 (1968).

> the parties are to present to the Court by motion *only genuine issues actually in dispute which the parties are unable to resolve in conference.*

Several of these disputes should have been resolved in conference without spending the time it took counsel to draft motions (some of them obviously boilerplate), responses, and even replies.

**SO ORDERED.**

**DATED THIS 26TH DAY OF JULY, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**