# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) CRIMINAL NO. 2:16-CR-158-DBH |
| KRISTEN ZUSCHLAG AND | ) |
| ROBERT ZUSCHLAG, | ) |
| | ) |
| DEFENDANTS | ) |

## ORDER ON MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR BILL OF PARTICULARS

This is a criminal case charging husband and wife codefendants with many counts of health care fraud, tax fraud, and money laundering arising out of their business providing transportation to ambulatory and non-ambulatory MaineCare members. (MaineCare is a federally- and state-funded health care benefit program.) A Fourth Superseding Indictment (ECF No. 113) of 24 pages has recently been filed.

The co-defendants have filed a motion for me to reconsider my July 26, 2017, ruling denying their earlier motion for a bill of particulars in connection with the health care fraud counts. The government has objected.

Unlike many motions for bills of particulars, the defendants' request here does not appear to be a disguised attempt at discovery. Indeed, the defendants say that the huge amount of discovery the government has already provided, thousands of pages, is part of the problem.

Instead, their claim is that they need more specificity as to which of the health care transactions the government considers criminal. I note that the time

scope of the conspiracy charge is broad—July 2009 through at least January 2017, Fourth Superseding Indictment ¶ 7—and that at least one of the businesses the defendants operated made "thousands of claims." Id. ¶ 1.s.

Accordingly, the defendants request:

"A. The identities of all MaineCare members, who were given rides by C3 Transport [a company created by wife defendant], *that lacked the medical necessity for wheelchair van or door-through-door service*;
B. Which claims for payment made by C3 *were fraudulent*;
C. What *material representations were made* by [either defendant] *in connection with the fraudulent claims for payment;*
D. The identities of all MaineCare members, and the dates of their rides, who were given rides by C3 Transport, and referred by FTI [first co-owned by husband and wife, then by husband], and *for whom* [husband defendant] *failed to determine whether the ride was the least expensive available.*"

Def. Mot. to Reconsider at 1-2 (ECF No. 110) (emphasis added).

There is a fair amount of jousting between counsel over what positions they respectively have taken. The defendants' lawyers believe the government has said that it will not produce a list of the transactions that it claims are fraudulent. Id. at 2. The Assistant U.S. Attorney calls that a misinterpretation of his email, and states: "In fact, as the case gets closer to trial, the Government anticipates producing summaries of some of the materials produced in discovery relating to particular riders that the Government will present at trial. The Government has not yet decided which riders will be the subject of those summaries, thus no list has been generated to date." Gov't Response at 7 (ECF No. 112). I have previously admonished counsel that they should present to the court "*only genuine issues actually in dispute which the parties are unable to resolve in conference.*" Order on Pending Mots. at 6 (ECF No. 87). Once again, they need to talk more. Emails alone do not suffice.

2

In the end, the standard I will apply is whether the defendants need "a more detailed specification," without which they "will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." United States v. Sepulveda, 15 F.3d 1161, 1192-93 (1st Cir. 1993). It is obvious that the defendants are entitled to more detail than the Fourth Superseding Indictment currently provides, so that they can defend against these complex criminal charges, and that they are entitled to the information at a time that gives them adequate time to prepare for trial, including the input of their proposed expert witness. But it also is obvious that it is premature for me to make such a ruling now, when a new Superseding Indictment has just been filed, and the government has not yet decided which riders are the foundation of the criminal charges. I therefore **RESERVE** ruling on the motion to reconsider until the government makes the further production it anticipates.

**SO ORDERED.**

**DATED THIS 18TH DAY OF DECEMBER, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**